UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| DONALD G. ELLIS, | |
| Plaintiff, | Civil Action No. 5:22-CV-026-CHB |
| v. | |
| BLUEGRASS SOLUTIONS, *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Donald G. Ellis is a pretrial detainee currently confined at the Bourbon County Regional Detention Center in Paris, Kentucky. Proceeding without an attorney, Ellis has filed a civil complaint pursuant to 42 U.S.C. § 1983 against Defendants Bluegrass Solutions and Head Nurse Amanda. [R. 11]. By separate order, the Court granted Ellis's motion to proceed *in forma pauperis* and denied his motion to appoint counsel. [R. 15]. The Court must now conduct a preliminary review of Ellis's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

On initial screening, a district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court evaluates Ellis's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts a plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Ellis's complaint arises from the treatment that he received for swelling and inflammation from a tooth infection from around November 13, 2021, through January 17, 2022. According to Ellis, he initially put in a "sick call" on November 13, 2021 because his face was swollen and inflamed due to a tooth infection. [R. 11, p. 2]. He states that the nurse put him on medication, and he was put on a list to see a dentist. *Id.* After the medication was ceased, Ellis had to return to "sick call" on November 27, 2021 because the infection was still present. Ellis was again prescribed medication, which he remained on until he saw the dentist on December 3, 2021. *Id.*

Ellis claims the dentist took an x-ray of his mouth and explained that she could not extract his teeth because of the placement of his roots and that he would need surgery to remove them. *Id*. According to Ellis, the dentist told Head Nurse Amanda that Ellis needed to be put back on medication for pain and infection, given ice for swelling as needed, and should be seen by a surgeon as soon as possible. *Id*. at p. 2–3. However, Ellis alleges that he was informed by the nurse on December 8, 2021 that his medications were again being ceased. *Id*. at p. 3. In addition, the nurse did not set up an appointment for Ellis to be seen by a surgeon. *Id*. Ellis further alleges that, after the infection and inflammation returned on January 7, 2022, he was given a seven-day round of antibiotics and four ibuprofen. However, his request for ice and pain medication on January 17, 2022, was denied. *Id.*

After reviewing the complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, the Court finds that, although Ellis does not specify the constitutional rights he believes have been violated, his allegations regarding the denial of medical treatment for his tooth infection may be broadly construed to bring a claim against Nurse Amanda (whom he identifies as the "Head Nurse") for deliberate indifference to Ellis's serious medical needs. Because Ellis is a pretrial detainee, his claim is governed by the Fourteenth Amendment. *See Griffith v. Franklin Cty., Kentucky*, 975 F.

3d 554, 566 (6th Cir. 2020) ("The Eighth Amendment's prohibition on cruel and unusual punishment generally provides the basis to assert a § 1983 claim of deliberate indifference to serious medical needs, but where that claim is asserted on behalf of a pre-trial detainee, the Due Process Clause of the Fourteenth Amendment is the proper starting point.").

The Court further concludes that a response is required from Defendant Head Nurse Amanda before this matter may proceed further. Because the Court has granted Ellis *pauper* status, the Clerk's Office and the United States Marshals Service ("USMS") will serve Defendant Head Nurse Amanda with a summons and copy of the complaint on his behalf. FED. R. CIV. P. 4(c)(3); 28 U.S.C. § 1915(d).

However, although Ellis also identifies Bluegrass Solutions as a Defendant, this claim will be dismissed without prejudice for failure to state a claim for which relief may be granted. A private corporation that performs a public function, such as contracting with a municipality to provide health care for its prisons, may be found to act under color of law for purposes of § 1983. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991). Nevertheless, "respondeat superior alone cannot create liability under § 1983." *Id.* at 748–49. Rather, to impose liability on a private corporation, its employee must have acted "pursuant to a policy or custom." *Id.* at 749. "[J]ust as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (citations omitted).

Thus, Bluegrass Solutions is only responsible under § 1983 if its employees cause injury by carrying out the corporation's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), and a plaintiff must specify the corporate policy or custom which caused

his alleged injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Ellis has not alleged or identified a policy or custom of Bluegrass Solutions that resulted in the alleged violation of a constitutional right, but rather seeks to hold the company liable for the actions of its employees. Accordingly, Ellis's complaint fails to state a constitutional claim against Bluegrass Solutions or its employees in their official capacities. *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

Accordingly, it is hereby **ORDERED** as follows:

1. Ellis's claims against Bluegrass Solutions are **DISMISSED** without prejudice and Bluegrass Solutions is **DISMISSED** as a Defendant;

2. A Deputy Clerk shall prepare a "Service Packet" for service upon Defendant Head Nurse Amanda. This Service Packet shall include:

    a. a completed summons form;

    b. the Complaint **[R. 11]**;

    c. the Order granting Ellis permission to proceed *in forma pauperis* **[R. 15]**;

    d. this Order; and

    e. a completed USM Form 285.

3. The Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket;

4. The United States Marshals Service shall make arrangements with the appropriate officials at the Bourbon County Detention Center to personally serve Head Nurse Amanda with a Service Packet at the Bourbon County Regional Detention Center, 101 Legion Road, Paris, Kentucky 40361;

5. Ellis must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**; and

6. If Ellis wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Ellis files must include a written certification that he has mailed a copy of it to the Defendant(s) or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

This 14th day of September, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY