UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:22-CV-00026-CHB-EBA

DONALD G. ELLIS,                                                                    PLAINTIFF,

V.                                     **ORDER AND RECCOMENDATION**

BLUEGRASS SOLUTIONS, *et al.*,                                          DEFENDANTS.

*** *** *** ***

This matter is before the Court on Defendant Amanda Smith's unopposed Motion for Summary Judgment. [R. 29]. For the reasons that follow, the undersigned will recommend granting Defendant's Motion for Summary Judgment.

On January 31, 2022, Donald Ellis, a prisoner in the custody of the Bourbon County Regional Detention Center in Paris, Kentucky, filed a civil complaint under 42 U.S.C. § 1983. In his complaint he asserts that Bluegrass Solutions and Amanda Smith violated his due process rights by refusing to refer him to an oral surgeon and failing to provide him with ice for his tooth pain. [*Id*]. The Court dismissed the claim against Bluegrass Solutions for failure to state a claim for which relief can be granted, and construed the claim against Smith as one of deliberate indifference to serious medical needs. [R. 17].

On June 2, 2023, Smith filed a status report informing the court that Smith and counsel had not received any pleadings or communications from Ellis. [R. 28]. The docket shows that a copy of Smith's motion for summary judgment was mailed to Ellis at his address of record at Bourbon County Detention Center, however Ellis is no longer listed among the "Current Inmates" confined at the facility and may have been transferred to the Hopkins County Jail in Madisonville,

Kentucky. [R. 30]. On October 17, 2023, the Court ordered the Clerk of Court to forward a copy of Smith's motion to Ellis at the Hopkins County Jail and provided him with a brief extension of time to respond. [R. 30]. Ellis did not respond to Smith's motion.

Now, Smith moves for summary judgment pursuant to Federal Rule of Civil Procedure 56, [R. 29], asserting that there is no dispute of material fact, Ellis failed to exhaust all administrative remedies, and Ellis' claims should be dismissed for failure to prosecute his own claim. [*Id.*].

A party may move for summary judgment when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Kraus v. Sobel Corrugated Containers, Inc.,* 915 F.2d 227, 229 (6th Cir. 1990). A district court may not use a party's failure to respond as a reason for granting summary judgment without first examining all the materials properly before it. *FTC v. E.M.A. Nationwide, Inc.,* 767 F.3d 611, 630 (6th Cir. 2014) (quoting *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir. 1979)). When a motion for summary judgment is properly made and supported, and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate. *Wimbush v. Wyeth,* 619 F.3d 632, 636 (6th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

In this case there is no genuine dispute of a material fact, and the Defendant is entitled to summary judgment.  For Ellis to prove his claim of deliberate indifference, he must demonstrate "more than negligence but less than subjective intent – something akin to reckless disregard." *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 596 (6th Cir. 2021). In support of her motion for summary judgment, Smith argues that the treatment records, testimony provided by Smith, and expert testimony provided by Dr. Thomas D. Fowlkes, M.D., demonstrate that she was not deliberately indifferent to Ellis' condition. [R. 29-1 at pg. 8]. The evidence provided shows that Ellis was treated multiple times with prescription antibiotics and ibuprofen, advised that he should

notify medical staff if he had further issues, referred to and seen by the facility dentist, and advised by the facility dentist that he would need his tooth removed when released or that he could be transported to a dentist or surgeon if he paid for service. [R. 29-1 at pg. 8]. Further, the evidence shows that Smith advised Ellis of the steps he needed to take to get an appointment with an outside dentist. [R. 29-2 at pg. 3]. Here, Ellis has failed to show that there is a dispute of fact, as he has not provided any evidence or argued that Smith was deliberately indifferent toward his medical needs. Accordingly,

**IT IS ORDERED** that the clerk of court shall mail a copy of this recommendation to the Plaintiff, Donald G. Ellis, at Hopkins County Jail, P.O. Box 1030, 2250 Laffoon Trail, Madisonville, KY  42431;

**AND**

**IT IS RECOMMENDED** that Defendant Amanda Smith's Motion for Summary Judgment. [R. 29], be **GRANTED**.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections

within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

      Signed November 30, 2023.



**Signed By:**

*__Edward B. Atkins__*

**United States Magistrate Judge**