UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| DONALD G. ELLIS, | |
| Plaintiff, | Civil Action No. 5:22-CV-026-CHB |
| v. | |
| AMANDA SMITH, | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| Defendant. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Edward B. Atkins. [R. 32]. The Report and Recommendation addresses Defendant Amanda Smith's Motion for Summary Judgment [R. 29] and recommends that this Court grant Smith's motion and dismiss this case.

Smith filed her Motion for Summary Judgment on September 1, 2023. [R. 29]. *Pro se* Plaintiff Donald Ellis was required to file a response to Smith's motion within 21 days after service of the motion, *see* Local Rule 7.1(c), but when this time period expired and no response was filed, the Court sought to ensure Ellis actually received a copy of the Motion. Because Ellis failed to apprise the Court of his transfer to a different facility, the Court, through its own inquiry, learned he had been transferred and ordered that the Clerk of Court send Ellis a copy of the Motion to his updated address. *See* [R. 30]. At that time, the Court gave Ellis an additional 21 days to respond to the Motion and reminded Ellis that if he did "not file a response by the deadline specified below, the Court may dismiss his case for failure to prosecute, *see* Fed. R. Civ. P. 41(b), or grant Smith's

Motion for any reason adequately supported by the record." *Id.* at 2 (citing *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991)). Nevertheless, Ellis again failed to respond to Smith's motion.

The Court then referred Smith's unopposed Motion to Magistrate Judge Atkins for findings of fact, conclusions of law, and recommendation in accordance with 18 U.S.C. 636(b)(1)(B). [R. 31]. Magistrate Judge Atkins entered his Report and Recommendation shortly thereafter. [R. 32]. In his Report and Recommendation, Magistrate Judge Atkins outlined the applicable summary judgment standards and explained that, to prove his claim of deliberate indifference, Ellis was required to "demonstrate 'more than negligence but less than subjective intent – something akin to reckless disregard.'" *Id.* at 3 (citing *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 596 (6th Cir. 2021)). Magistrate Judge Atkins determined, however, that Ellis "failed to show that there is a dispute of fact, as he has not provided any evidence or argued that Smith was deliberately indifferent toward his medical needs." *Id.* at 4.

More specifically, in reviewing the record, Magistrate Judge Atkins found that the "evidence provided shows that Ellis was treated multiple times with prescription antibiotics and ibuprofen, advised that he should notify medical staff if he had further issues, referred to and seen by the facility dentist, and advised by the facility dentist that he would need his tooth removed when released or that he could be transported to a dentist or surgeon if he paid for service." *Id.* at 3–4. Magistrate Judge Atkins further noted that the "evidence shows that Smith advised Ellis of the steps he needed to take to get an appointment with an outside dentist." *Id.* at 4. Magistrate Judge Atkins therefore determined that the uncontroverted evidence cannot support Ellis's claim for deliberate indifference. *Id.*

Magistrate Judge Atkins's Report and Recommendation advised the parties that any objections must be filed within fourteen (14) days. *Id.* To ensure Ellis received a copy of the Report

2

and Recommendation, the Clerk of Court sent copies to Ellis at both the Bourbon County Regional

Detention Center and the Hopkins County Jail. Even so, the time to file objections has since passed,

and neither party has filed any objections to the Report and Recommendation nor sought an

extension of time to do so.

Generally, this Court must make a de novo determination of those portions of the Report

and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections

are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions,

under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who

fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a

district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490,

495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless,

the Court has examined the record and agrees with the Magistrate Judge's Report and

Recommendation. Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1.      The Magistrate Judge's Report and Recommendation [**R. 32**] is **ADOPTED** as the

opinion of this Court.

2.      Defendant Amanda Smith's Motion for Summary Judgment [**R. 29**] is **GRANTED**.

3.      A separate Judgment shall issue.

This the 2nd day of January, 2024.

*Claria Horn Boom*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY